UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ANN ROBERTS )<br>PLAINTIFF, )<br>)<br>   v.   )<br>)<br>)<br>MICHAEL B. MUKASEY )<br>UNITED STATES ATTORNEY GENERAL, )<br>U.S. DEPARTMENT OF JUSTICE, <u>et al.</u>, )<br>)<br>DEFENDANTS. )<br>) | Case 1:08-cv-00773 (RJL) |

**<u>DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE</u>**

Defendants, Michael B. Mukasey, United States Attorney General, <u>et al.</u>, by and through the United States Attorney for the District of Columbia, respectfully move this Court to dismiss the above-captioned complaint pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, Defendants move this Court for a change of venue under 28 U.S.C. § 1406(a) and 42 U.S.C.§ 2000e-5(f)(3). In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Robin M. Meriweather

ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ANN ROBERTS )<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>)<br>MICHAEL B. MUKASEY )<br>UNITED STATES ATTORNEY GENERAL, )<br>U.S. DEPARTMENT OF JUSTICE, <u>et al.</u> )<br>)<br>DEFENDANTS. )<br>) | Case 1:08-cv-00773 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR CHANGE OF VENUE</u>**

**SUMMARY OF ARGUMENT**

In a Title VII case, "venue cannot lie in the District of Columbia when a 'substantial part, if not all, of the employment practices challenged in th[e] action' took place outside the District." *Darby v. Department of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). Here, all of the employment practices of which Plaintiff complains took place in the Eastern District of Virginia. The other Title VII venue criteria also indicate that the District of Columbia is an improper venue, and that Plaintiff should have initiated this action in the Eastern District of Virginia. Accordingly, this case must be dismissed for improper venue or, in the alternative, transferred to the the United States District Court for the Eastern District of Virginia.

**FACTUAL BACKGROUND**

Since 1998, Plaintiff has been an employee of the Executive Office for Immigration Review (EOIR), an agency within the Department of Justice. *See* Complaint (hereinafter

"*Compl.*"), ¶ 7. Throughout her employment tenure with EOIR, Plaintiff's duty station has been located in Falls Church, Virginia (EOIR's headquarters), as were her personnel records. *See* Exhibit 1, *Declaration of Suzanne M. Carroll, Humans Resources Management Specialist, Administration Division, EOIR* (hereinafter "*Carroll Decl.*") ¶¶ 2, 4. All offices and employees of the Board of Immigration Appeals ("BIA"), a component of EOIR, are located in Falls Church, VA. *Id*. ¶ 3. Further, all of the responsible management officials referenced in the Complaint were BIA employees during the relevant time period. *Compl.*, ¶¶ 8-14.

## ARGUMENT

Venue in a Title VII case is governed solely by the venue provisions of Title VII, which preempts all other federal venue provisions that otherwise might apply. *Stebbins v. State Farm Mutual Automobile Ins. Co.,* 413 F.2d 1100 (D.C.Cir.), *cert. denied,* 369 U.S. 895 (1969). The venue provisions of Title VII also apply to causes of action which are brought under the Rehabilitation Act of 1973. 29 U.S.C. § 794a(a)(1)[1]; *Archuleta v. Sullivan,* 725 F.Supp. 602, 604 (D.D.C. 1989). Venue is proper only in the following four places:

> in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial

---

[1]     29 U.S.C. § 794a(a)(1) provides, in pertinent part, that

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), *including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)),* shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint . . .

(emphasis added).

2

>district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added).  The fourth venue criterion applies only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination."  *Darby*, 231 F. Supp. 2d at 278.  Plaintiff's complaint does not satisfy those statutory venue requirements.  Instead, all four venue criteria indicate that venue is proper in a federal district court in the Eastern District of Virginia, not the District of Columbia.

In determining proper venue pursuant to this provision, the first inquiry is the locus of the alleged discrimination.  *Washington v. General Electric Corp.*, 686 F. Supp. 361 (D.D.C. 1988).  When "a substantial part, if not all, of the employment practices challenged in [an] action [were] committed in [a particular district]," that is the proper locus of the alleged discriminatory acts. *Donnell v. National Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) *Id.*; *Mackey v Sullivan*, 55 FEP (BNA) 1134, 1991 WL 128510 (D.D.C. Mar. 28, 1991) (same).  Peripheral acts in another district that "may have had an impact on plaintiffs situation" do not change that conclusion.  *Donnell*, 568 F. Supp. at 94 (ministerial actions of agency personnel and EEO offices in the District of Columbia do not place the locus of acts in the District of Columbia); *see also Shipkovitz v. Mosbacher*, 1991 WL 251864, at *7 (D.D.C. 1991) (agency's processing of EEO complaint in District of Columbia does not place locus of acts in the D.C.).

In this case, the Plaintiff's Complaint does not contain any allegations of discriminatory acts or unlawful employment practices committed within the District of Columbia.  Plaintiff does not allege that she ever worked in Washington, D.C.  To the contrary, like all other BIA employees, she worked in Falls Church, Virginia.  *See* Carroll Decl., ¶¶ 3-4.  Moreover, the

3

management officials that made the personnel decisions at issue in this complaint are BIA employees located in Falls Church, Virginia.  *See Compl.* ¶¶ 8-14; Carroll Decl., ¶ 3.

Plaintiff cannot satisfy the second Title VII venue criterion, because she has not alleged that employment records relevant to this alleged discrimination are maintained in the District of Columbia.   Plaintiff's employment records are in Falls Church, Virginia — EOIR's headquarters.  *See* Carroll Decl., ¶ 3.  Indeed, all BIA employee personnel records, including official personnel files and performance appraisals, are located and maintained in Falls Church, Virginia by EOIR's Administrative Division.  *See id.*

The third venue criterion also indicates that venue is improper in this Court.  Plaintiff has not alleged that, but for the alleged discrimination, she would have worked in the District of Columbia.   Nor could she.  As explained *supra*, all BIA offices and employees are located in Falls Church, Virginia.  *See* Carroll Decl., ¶ 3.

The fourth prong of Title VII's venue provision, the location of Defendant's principal offices is pertinent only if the defendant cannot be found in any of the other jurisdictions where venue would lie under one of the first three prongs.  Given that the Department of Justice's EOIR has a presence in Falls Church, Virginia (where plaintiff worked and pertinent personnel records were maintained[2]), the fourth prong simply is not triggered in this case.  *Stebbins*, 13 F. 2d 1100, 1102-03 ("only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office'").  Plaintiff appears to contend that venue is proper in this Court because the Department of Justice's main office is in the District of Columbia.  However, that does not make this Court a

---

[2]*See* Exhibit 1, *Carroll Decl.*, ¶¶ 2-4 .

proper forum, because the Department of Justice also can be sued in the Eastern District of Virginia, by virtue of EOIR's presence there.  Accordingly, Plaintiff has failed to establish that venue is proper in the District of Columbia.

Title VII's venue provisions reflect "the intent of Congress to limit venue to the judicial districts concerned with the allegation of discrimination."  *Stebbins* at 1102-03; *Turbeville v. Casey*, 525 F.Supp. 1070, 1072 (D.D.C. 1981) (same).  In this case, the Eastern District of Virginia is the district in which the relevant employment actions allegedly occurred, and in which the relevant records are maintained.  The District of Columbia is clearly not the proper venue for judicial consideration of Plaintiff's allegations.  Accordingly, the case should be dismissed or transferred to the Eastern District of Virginia.

## CONCLUSION

For the reasons set forth above, dismissal of Plaintiff's Complaint would be appropriate under Rule 12(b)(3).  Alternatively, Plaintiff's lawsuit should be transferred to the Eastern District of Virginia, as venue does not lie within the District of Columbia.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

      /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ANN ROBERTS )<br>PLAINTIFF, )<br> )<br>            v.           ) <br> )<br> )<br>MICHAEL B. MUKASEY )<br>UNITED STATES ATTORNEY GENERAL, )<br>U.S. DEPARTMENT OF JUSTICE, )<br> )<br>DEFENDANT. )<br> ) | Case 1:08-cv-00773 (RJL) |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss or to Transfer for Improper Venue, it is by the Court, this _____ day of _____, 2008, hereby

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that

[ ]   This action is DISMISSED without prejudice.
[ ]   This action is TRANSFERRED to the Eastern District of Virginia.

_____
RICHARD J. LEON
United States District Court Judge

Copies to:

Robin M. Meriweather
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530

F. DOUGLAS HARTNETT, Esquire
Elitok & Hartnett at Law, LLC
2428 Wisconsin Ave., NW
Washington, DC 20007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ANN ROBERTS<br>PLAINTIFF,<br><br>v.<br><br>MICHAEL B. MUKASEY<br>UNITED STATES ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE,<br><br>DEFENDANT. | Case 1:08-cv-00773 (RJL) |

DECLARATION OF SUZANNE M. CARROLL
HUMAN RESOURCES MANAGEMENT SPECIALIST, ADMINISTRATION DIVISION
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES DEPARTMENT OF JUSTICE
FALLS CHURCH, VIRGINIA

1. I am employed by the Executive Office for Immigration Review ("EOIR"), United States Department of Justice, as a GS-15, Human Resources Management Specialist, Administration Division, located in Falls Church, Virginia. I have held this position since 1997.

2. In my position, I have access to all EOIR employee Official Personnel Files (OPFs). Employee personnel records for all employees of the Board of Immigration Appeals, EOIR, including OPFs and performance appraisals, are officially located and maintained in Falls Church, Virginia by EOIR's Administration Division.

3. The Board of Immigration Appeals, EOIR, has all of its offices and employees located in Falls Church, VA.

_[signature]_
initials

Page 1

4. Throughout her employment tenure with EOIR, Plaintiff Barbara A. Roberts' permanent duty station has been with EOIR, in Falls Church, Virginia.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

July 11, 2008
Dated

Suzanne M. Carroll
Human Resources Management Specialist
Administrative Division
Executive Office for Immigration Review
United States Department of Justice
5107 Leesburg Pike
Suite 2300
Falls Church, Virginia 22041