IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ANN ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.1:08-cv-00773(RJL) |
| ) | |
| MICHAEL MUKASEY, Attorney General, ) | |
| U.S. Department of Justice, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND MOTION TO TRANSFER VENUE**

Plaintiff, Barbara Ann Roberts, by and through her undersigned counsel, respectfully submits this Opposition to Motion to Dismiss and Moves that, pursuant to the Defendant's Alternative Requested Relief and 28 U.S.C. 1404, the Court transfer venue in this matter to the Eastern District of Virginia.

Plaintiff refers the Court to the attached Memorandum of Points and Authorities in support of this Opposition and Motion.

Respectfully Submitted:

//s//

F. Douglas Hartnett
DC Bar 466851
Elitok and Hartnett at Law, L.L.C.
2428 Wisconsin Avenue, NW
Washington, DC 20007
(202) 965-0529 (vox)
(202) 965 0530 (fax)
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA ANN ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.1:08-cv-00773(RJL) |
| ) | |
| MICHAEL MUKASEY, Attorney General, ) | |
| U.S. Department of Justice, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND MOTION TO TRANSFER VENUE**

FACTUAL BACKGROUND

The facts recited in the Defendant's Motion regarding Plaintiff's employment by the Department of Justice are essentially correct, and Plaintiff does not dispute them. However, Defendants fail to acknowledge that in addition to the Depoartment of Justice being headquartered in the District of Columbia, the Plaintiff is a resident of the District of Columbia.

ARGUMENT

As reflected 28 U.S.C. 1406(a), long standing policy favors adjudication on the merits over dismissal on procedural grounds. *Porter v. Groat*, 840 F.2d 255, 257-58, (4th Cir. 1988). Barbara Roberts filed this claim in the Federal District Court for District of Columbia within days of the end of statutory period allowed for bringing the claim. If the case is Dismissed, even without prejudice, the likely effect will be that the statute will run before Ms. Roberts can find

Counsel and file a new claim in the Eastern District of Virginia.[1]  This result would be a drastic and clearly not in the interest of justice. (*Id.*)

Pursuant to 28 U.S.C. 1404, the Court has the authority, in the interest of Justice to transfer any civil action to any other District of Division in which it could have been brought.  As Defendants admit throughout their Motion to Dismiss, this action could have been brought in the Eastern District of Virginia.  In fact, by asking for such transfer as an alternative remedy to Dismissal, Defendants implicitly consent to such transfer.

## CONCLUSION

Transfer to the Eastern District of Virginia is clearly the appropriate remedy, to cure the jurisdictional defect in the Plaintiff's pleading and avoid the drastic injustice of denying the opportunity to have her claims adjudicated on the merits due to the likely running of the statute of limitations before the case can be re-filed.  By Requesting transfer as alternate relief, Defendants have, in essence, consented to Plaintiff's Motion to Transfer Venue to the Eastern District of Virginia.

Respectfully Submitted:

//s//

F. Douglas Hartnett
DC Bar 466851
Elitok and Hartnett at Law, L.L.C.
2428 Wisconsin Avenue, NW
Washington, DC 20007
(202) 965-0529 (vox)
(202) 965 0530 (fax)
*Counsel for Plaintiff*

---

[1] Undersigned Counsel is not admitted to the Bar in Virginia and cannot represent Ms. Roberts in that jurisdiction, requiring her to obtain new counsel or file on a pro se basis.